UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRED C. CARR, JR.,

    Plaintiff,

v.

ALLIED WASTE SYSTEMS OF ALAMEDA COUNTY, et al.,

    Defendants.
_____/

No. C 09-4675 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Defendants' motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim came on for hearing before this court on December 9, 2009. Plaintiff Fred C. Carr, Jr., appeared in propria persona, and defendants appeared by their counsel Amy K. Skryja. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court GRANTS the motion.

    Plaintiff is employed by defendant Allied Waste Systems of Alameda County ("Allied") as a driver. He is a member of Teamsters Local 7, International Brotherhood of Teamsters, and his employment is covered by a collective bargaining agreement ("CBA"). Plaintiff alleges that on April 8, 2009, he was suspended without pay by his supervisor, defendant Ray Atkinson ("Atkinson"), for refusing to obey an order (insubordination).

    Plaintiff filed the present action on September 1, 2009, in the Superior Court of California, County of Alameda, against Allied, Atkinson, and Fred Penning (Atkinson's

1 supervisor). On October 1, 2009, defendants removed the action, alleging federal question
2 jurisdiction, asserting that the action arises under § 301 of the Labor Management
3 Relations Act ("LMRA"), 29 U.S.C. § 185. On October 6, 2009, defendants filed a motion to
4 dismiss for failure to state a claim. On October 21, 2009, instead of filing an opposition to
5 the motion, plaintiff filed a first amended complaint ("FAC").

In the FAC, plaintiff asserts five causes of action, against all defendants – violation of California Labor Code § 2856; general negligence in violation of Labor Code § 2856; intentional misconduct (referring to violations of the CBA and of Labor Code § 2856); violation of Civil Code § 1790; and declaratory relief as to the meaning of the terms "direct order" and "aggressive manner" (defined in the CBA) and as to whether the actions of the grievance panel violated the CBA and Labor Code § 2856.

Defendants argue that the FAC must be dismissed in its entirety because all plaintiff's claims are preempted by the LMRA. Section 301 of the LMRA "preempts all state-law causes of action the evaluation of which requires interpretation of a labor contract's terms." Hayden v. Reickard, 957 F.2d 1506, 1508-09 (9th Cir. 1992); see also 29 U.S.C. § 185(a). Accordingly, defendants assert, since resolution of this case depends on an interpretation of the CBA, plaintiff's claims are preempted.

At the hearing, plaintiff conceded that the basis of his complaint is that defendants violated the CBA. Accordingly, for the reasons stated at the hearing, the court finds that plaintiff's claims are preempted, that the action must be dismissed, and that plaintiff's recourse is through the collectively bargained grievance and arbitration procedures.

**IT IS SO ORDERED.**

Dated: December 11, 2009

PHYLLIS J. HAMILTON
United States District Judge

2