1
2
3
4                           UNITED STATES DISTRICT COURT
5                          NORTHERN DISTRICT OF CALIFORNIA
6
7
8
9    FRED C. CARR, JR.,
10           Plaintiff,                          No. C 09-4675 PJH
11       v.                                      **ORDER DENYING MOTION
                                                 FOR RECONSIDERATION**
12   ALLIED WASTE SYSTEMS OF
     ALAMEDA COUNTY, et al.,
13
             Defendants.
14   _____/

15           On December 11, 2009, the court granted defendants' motion to dismiss the above-

16   entitled action, finding that all of the claims asserted in the complaint were preempted by

17   § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.  Also on December 11,

18   2009, judgment was entered in favor of defendants.  On December 14, 2009, plaintiff filed a

19   motion pursuant to Civil Local Rule 7-9, seeking leave to file a motion for reconsideration.

20   On December 18, 2009, defendants filed an opposition to plaintiff's motion.

21           Local Rule 7-9 governs motions for reconsideration "[b]efore the entry of a judgment

22   adjudicating all of the claims and the rights and liabilities of all the parties in a case."  Once

23   judgment has been entered, as in the present case, reconsideration may be sought by filing

24   a motion under either Federal Rule of Civil Procedure Rule 59(e) (motion to alter or amend

25   a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief from judgment).

26   See Hinton v. Pacific Enter., 5 F.3d 391, 395 (9th Cir. 1993).

27           Under Rule 59(e), reconsideration should not be granted, absent highly unusual

28   circumstances, unless the district court is presented with newly discovered evidence, the

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   court committed clear error or the initial decision was manifestly unjust, or there is an

2   intervening change in controlling law.  389 Orange Street Partners v. Arnold, 179 F.3d 656,

3   665 (9th Cir. 1999); see also Turner v. Burlington Northern Santa Fe R. Co., 338 F.3d

4   1058, 1063 (9th Cir. 2003).

5        Under Rule 60(b), the court may relieve a party from a final judgment for the

6   following reasons:

7        (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
         discovered evidence which by due diligence could not have been discovered
8        in time to move for a new trial under Rule 59(b); (3) fraud . . . ,
         misrepresentation, or other misconduct of an adverse party; (4) the judgment
9        is void; (5) the judgment has been satisfied, released, or discharged, or a
         prior judgment upon which it satisfied, released, or discharged, or a prior
10       judgment upon which it is based has been reversed or otherwise vacated, or
         it is no longer equitable that the judgment should have prospective
11       application; or ( 6) any other reason justifying relief from . . . the judgment.

12   Fed. R. Civ. P. 60(b).

13       The court finds that the motion must be DENIED because plaintiff has failed to

14   satisfy any of the Rule 59(e) or Rule 60(b) factors.  He has not established that the decision

15   was manifestly unjust; or that relief is warranted because of mistake, inadvertence,

16   surprise, or excusable neglect.  He does not point to any intervening change in the law;

17   does not claim any fraud or misrepresentation by defendant; does not assert that the

18   judgment is void; does not argue that the judgment should have no prospective application;

19   and does not raise any other reason justifying relief from the operation of the judgment.

20       Plaintiff's primary argument appears to be that the court erred in ruling that his

21   claims were preempted by the LMRA, because the question whether he had exhausted the

22   grievance procedure is a "disputed" issue of fact.  However, the motion before the court

23   was a motion to dismiss for failure to state a claim, not a motion for summary judgment.  A

24   motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in

25   the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is

26   limited to the contents of the complaint.  Allarcom Pay Television, Ltd. v. Gen. Instrument

27   Corp., 69 F.3d 381, 385 (9th Cir. 1995).  While all allegations of material fact are taken as

28   true, Erickson v. Pardus, 551 U.S. 89, 94 (2007),  a plaintiff's obligation to provide the

2

grounds of his entitlement to relief "requires more than labels and conclusions," and the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff has conceded that the basis of his complaint was that defendants violated the collective bargaining agreement ("CBA").  LMRA § 301 "preempts all state-law causes of action the evaluation of which requires the interpretation of a labor contract's terms." Hayden v. Reickard, 957 F.2d 1506, 1508-09 (9th Cir. 1992); see also 29 U.S.C. § 185.  If plaintiff has a complaint about defendants actions with regard to the CBA, the place to raise that complaint is in the arbitration of his grievance.

Plaintiff's second argument is that the court improperly refused to consider the claim (raised in plaintiff's supplemental brief) that the CBA is unconscionable and unenforceable. As the court advised plaintiff at the hearing, the supplemental brief was filed in violation of Civil Local Rule 7-3(d),  Accordingly, the court ordered it stricken, and does not consider any arguments made in the supplemental brief in ruling on this motion for reconsideration.

**IT IS SO ORDERED.**

Dated:  December 22, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California