UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRED C. CARR, JR.,

    Plaintiff,

    v.

ALLIED WASTE SYSTEMS OF ALAMEDA COUNTY, et al.,

    Defendants.

No. C 09-4675 PJH

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**

Before the court are the "ex parte" motion for preliminary injunction and the application for leave to proceed in forma pauperis ("IFP"), filed by plaintiff Fred C. Carr, Jr., in the above-entitled action. The motions are DENIED for the following reasons, and the May 26, 2010 hearing date is VACATED.

First, with regard to the motion for preliminary injunction, to the extent that plaintiff is seeking an order re-adjudicating the issues on appeal, the filing of a notice of appeal confers jurisdiction on the court of appeals at the same time it divests from the district court its control over those aspects of the case involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Thus, the court no longer has jurisdiction over the claims asserted in the amended complaint, as judgment was entered on December 11, 2009, and plaintiff filed a notice of appeal on January 12, 2010.

To the extent that plaintiff seeks an order with respect to the arbitration of his grievance, that arbitration occurred well after plaintiff filed the notice of appeal, and any claims concerning the arbitration are unrelated to the allegations in plaintiff's amended complaint. The court cannot adjudicate a motion for preliminary injunction if the motion is not closely related to the facts, legal issues, and parties addressed in the plaintiff's

complaint.  See Leboeuf, Lamb, Greene & Macrae, LLP v. Abraham, 180 F.Supp. 2d 65, 70 (D.D.C. 2001).

In addition, plaintiff cannot satisfy the requirements for injunctive relief (and has, in fact, made no effort to do so).  A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008).  Here, as there is no cause of action in the amended complaint that is related to the March 2010 arbitration, it would be impossible for plaintiff to show any likelihood of success on the merits.

Second, with regard to the IFP request, the court notes that the Ninth Circuit granted plaintiff's request to proceed IFP in his appeal of the dismissal of this action, on April 10, 2010.  Accordingly, the present request is duplicative.

**IT IS SO ORDERED.**

Dated: May 20, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge